UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROTECT THE PUBLIC'S TRUST            )
712 H Street, N.E.                    )
Suite 1682                            )
Washington, D.C. 20002,               )
                                      )
       Plaintiff,                 )
                                      )
v.                                    )   Civil Case No. 1:22-cv-01750
                                      )
U.S. DEPARTMENT OF ENERGY             )
1000 Independence Avenue, S.W.        )
Washington, D.C. 20585,               )
                                      )
       Defendant.                 )
_____ )

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the United States Department of Energy under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of Energy ("DOE" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On November 18, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking the following records concerning attendance by DOE employees and contractors at the 2021 United Nations Climate Change Conference ("COP26") in Glasgow, United Kingdom:

    1. Travel Records: All records relating to all official travel undertaken by DOE personnel and DOE contractors related to COP26. These records should include, but not be limited to, travel requests or invitations, travel briefings or memos, meetings, calendars, or schedules relating to such travel; travel authorizations; itineraries; vouchers; approvals by the Energy Department's Office of the Secretary, Office of General Counsel (GC), and/or by any supervisory personnel authorizing travel by one or more subordinates; purchase card transactions; government vehicle approvals; flight arrangements (whether commercial or charter); lodging; the disposition of any gifts received or purchases made while on official travel; and the telework status of all attendees, including whether the employee was engaged in pandemic-related telework.

    2. Meeting Requests: All records for meeting requests, meeting memos, briefing documents, schedules, communications, and any other records related to the submission, consideration, approval, and scheduling of

       meeting requests for meetings regarding COP26. This should include but not be limited to records and communications relating to meeting approvals from the Office of the Secretary and GC.

3. External and Internal Communications: Any and all communications, documents, and other records pertaining to the planning, attendance, security detail or other relevant conversations involving COP26. This includes, but should not be limited to, any records relating to purchase cards, travel itineraries, vouchers, authorizations, gift acceptance or disposition, scheduling office outreach or communication internally or with those outside DOE, intergovernmental office and communications office records on the planning, travel, COVID-related guidance, and other responsive communications on the topic as well as those by Secretary Granholm's security detail.

4. Financial Records: All records of financial transactions related to DOE employees' or DOE contractors' COP26-related preparation, attendance, and conference-related post-conference activities.

5. This request covers all records from January 20, 2021, through the processing of this request.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand how much money and other resources were spent to participate in the COP26 Conference and whether Department officials acted consistent with applicable laws and regulations in participating in the COP26 Conference.

9. Plaintiff followed up with the Department regarding the status of its request at least four times, including on February 18, 2022, March 4, 2022, and April 6, 2022, and May 18, 2022.

10. On April 14, 2022, the Department followed up to request confirmation that Plaintiff had received an email from the Department dated April 7, 2022.

11. The Department's April 7, 2022 email stated in part:

    Our records reflect, that in my last communication to you on February 18, 2022, I introduced myself as the analyst assigned to your FOIA Request, HQ-2022-00164-F and that I have been reassigned this request from [Another Analysist]. Further, our records show that an interim letter to you was signed and dated November 19, 2021. In my February 18, 2022 follow up email, I resent a copy of the Interim Letter to you. Since receiving this request, we have conducted a search for documents responsive to this request.

    At this time, I am working on completing responsiveness review and deduping of documents. We are working on providing a 1st partial of documents by the end of April and provide a rolling partial the following month in May to complete the response to this request.  DOE FOIA processing involves a layered review by subject matter experts and legal review before release, and this process takes time to push through to close. I can provide regular updates on processing as this response moves along and out the door to you.

    Please know that we are working diligently to provide you a response as soon as possible. If you have further questions about your request and processing you can email me.

    Please confirm the receipt of this email.

12. On April 16, 2022, Plaintiff responded, noting that the email address at the top of the attachment sent with the Department's April 14 email was incorrect.

13. On April 19, 2022, Plaintiff requested that the Department resend the Interim Letter referenced in earlier communications to Plaintiff's correct email address.

14. Also on April 19, 2022, the Department resent the Interim Letter, dated November 19, 2021, which granted Plaintiff's fee waiver request and referred to Plaintiff's request as "HQ-2022-00164-F."

15. Finally, on May 18, 2022, Plaintiff again reached out to the Department requesting a status update.

16. Notwithstanding that the Department recognized that Plaintiff submitted a facially valid FOIA request by granting Plaintiff's request for a fee waiver, that the Department conducted a search for responsive documents (facially establishing that the description of agency records was sufficient to enable a professional employee of the agency familiar with the subject area of the request to locate the records with a reasonable amount of effort, *see Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990)), and that the Department estimated that it would begin providing responsive records by the end of April, Plaintiff has received no further updates from the Department.

17. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

18. As of today, Plaintiff's request has been pending for more than 200 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

19. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). While the Department has indicated that it has conducted a search for responsive records, the Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends

to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

20. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

21. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

22. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. PPT properly requested records within the possession, custody, and control of the Department.

24. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

25. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

26. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

27. The Department's failure to provide all non-exempt responsive records violates FOIA.

28. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: June 17, 2022			Respectfully submitted,

                                                  PROTECT THE PUBLIC'S TRUST
                                                By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*

8